HON. F. P. POHCÉ,
HON. R. B. TODD,
HON. WM. M. LEVY, } *Associate Justices.*
HON. C. E. FENNER,

No. 1.

32 941
45 170
45 1355
32 941
47 187

STATE OF LOUISIANA EX REL. ATTORNEY-GENERAL ET AL. VS. JOHN A. CHEEVERS.

This Court has no original jurisdiction of the question of *eligibility* of the judicial officers of the State, under Article 171 of the Constitution of 1879. That jurisdiction, as granted in Article 200, only applies to the *removal* of such officers and for such causes as are defined in Article 196 of the same Constitution.

APPEAL from the Twenty-Second Judicial District Court, parish of Ascension. *Hahn,* J., in place of Cheevers, J., recused.

J. C. Egan, Attorney-General, F. B. Earhart, District Attorney, and Paul Leche, Fred. Duffel, and Ed. N. Pugh, for Plaintiffs and Appellants.

St. M. Berault and James D. Augustin for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Charging the *ineligibility* of the defendant to the office of judge of the Twenty-Second Judicial District, the Attorney-General has instituted these proceedings against him, before the court of his domicil, to *prevent* him, for *that cause,* from entering upon the discharge of the functions of that office.

To justify such a demand, grave charges were preferred against him, under the provisions of article 171 of the constitution.

At the instance of the State, a preliminary injunction issued, but was afterward dissolved by this Court. 32 A. 649.

The defendant had excepted to the jurisdiction of the lower court on the ground that the original cognizance and determination of the matter involved appertain exclusively to the Supreme Court; but that exception was deemed not to be before us, at the time, for review.

From the judgment sustaining that defense, and dismissing the suit, the plaintiffs have appealed.

This action was brought *before* the defendant could have entered upon the duties of the office, that is, *before* the day on which the Twenty-Second Judicial District Court could have been organized had arrived. Its object was to prevent him from filling the office for causes *anterior* to and invalidating his election. It contemplated his *exclusion,* not his *removal* from that office. We viewed the litigation from that standpoint, when it first came before us. Although the application for a prohibition, upon which we acted, was leveled also at the question of jurisdiction, which *was pending* in the district court, we expressly abstained from passing upon it, because it was not *then* in a condition to be entertained and solved. As it is now presented in a proper form, we will proceed to examine it.

The object of this suit cannot be mistaken. The action was brought to prove an impediment to obstruct the defendant, or prevent him from entering upon the duties of the office. Its character or legal complexion was not, and could not be, changed or affected by the dissolution of the injunction, nor was it altered by any subsequent proceeding to propound facts which may, and no doubt have, since happened. It remains to-day in every respect with the same features which it possessed at the incipiency of the action, viz., a suit *to prevent the induction into office of* the defendant, for a cause of *ineligibility,* in existence *prior* to his election.

The jurisdiction of courts of justice, particularly of the highest tribunal of the State, pronouncing in last resort, should be carefully measured in matters of this description, and should not be enlarged so as to embrace, within its compass, cases which clearly were not in the contemplation of the framers of the constitution when they undertook to determine and fix the extent and limit of its authority, as a court of

original jurisdiction, and delegated to it powers which, up to then, had been exercised exclusively by the Senate, upon charges properly brought.

The articles of the constitution, which define the original jurisdiction of this Court, in cases of *removal* of designated judicial officers, bear numbers 200 and 196, and read as follows :

Art. 200. "For any of the causes specified in article 196, judges of the courts of appeal, of the district courts, throughont the State, and of the city courts of the parish of Orleans, may be *removed* from office by judgment of the Supreme Court of this State, in a suit instituted by the Attorney-General or a district attorney, in the name of the State, on his relation. The Supreme Court is hereby vested with original jurisdiction to try such cases, and it is hereby made the duty of the Attorney-General, or any district attorney, to institute such suit on the written request and information of fifty citizens and taxpayers residing within the territorial limits of the district or circuit over which the judge, against whom the suit is brought, exercises the functions of his office. Such suits shall be tried after citation and ten days delay for answering, in preference to all other suits, and wherever the court may be sitting ; but the pendency of such suit shall not operate a suspension from office. In all cases where the officer sued, as above directed, shall be acquitted, judgment shall be rendered jointly and *in solido* against the citizens signing the request for all costs of the suit."

Article 196. "The Governor, Lieutenant Governor, Secretary of State, Auditor, Treasurer, Attorney-General, Superintendent of Public Education, and the judges of all the courts of record, shall be liable to impeachment for high crimes and misdemeanors, for non-feasance or malfeasance in office, for incompetency, for corruption, favoritism, extortion or oppression in office, for gross misconduct, or habitual drunkenness."

Those articles are found under the heading :

" Impeachment and removals from office."

It is patent that by article 200 this Court (for the first time) was clothed with *original* jurisdiction over cases tending to the *removal* of judicial officers, for breach of official duties or inability to perform the same. The causes for which such removal can be provoked, are enumerated in article 196, to which article 200 expressly refers, and which, therefore, forms a vital part of it. Powers which, prior to 1880, were vested in the Senate *alone*, but which have not, however, been withdrawn from that body, were thus formally conferred upon this Court, which has, therefore, authority to exercise them for the same purposes, and to the same extent that the Senate itself can, but *only* in the cases specified.

Among the causes set forth in article 196, as justifying the *removal* of a district judge, is that of *incompetency,* which means, his inability to

perform the duties of his office, resulting from physical or intellectual disqualifications charged since his induction into and during his tenure of office.

It is not possible to conceive how that original jurisdiction can, by any reasonable intendment of the constitutional provisions quoted, be made to extend to cases of *exclusion* from office, based upon causes' mentioned in article 171, in existence *prior* to the election and induction into office of the officer proceeded against. The convention which framed the constitution could have included those causes as it has done others, in article 196 ; but it has not done so. It contemplated that the suits in which this Court was to have such jurisdiction were to be suits brought under art. 196, *while* the judge sought to be removed would be in the "*exercise*" of the functions of his office. The jurisdiction of this Court was to attach only for causes enumerated in that article, in suits brought *after* the induction of the officer whose displacement is asked, and was to be exercised exclusively upon charges of some of the wrongful acts embodied in article 196, and alleged to have been committed *officially*, and also upon charges of *incompetency*, for causes originating since such induction, or for causes existing *previous* thereto, and *continuing thereafter*.

A removal from office irresistibly implies a *previous* induction into, and actual tenure of, the office. There can be no escape from this proposition. The defendant, however, strenuously contends that the facts upon which the State relies to establish his ineligibility would, if verified, justify the charge of *incompetency*, provided for in article 196, and, consequently, bring the case, as instituted, within the original jurisdiction of this Court.

We cannot assent to that proposition. The suit was brought *before* the defendant had entered upon the office in question, and upon causes then known, and which are to the effect that he could not have been, and was not *legally eligible* to the office. They do not affect his *competency*. They refer to his character or *status* at the time under article 171, but *not* to any physical, moral, or intellectual disqualifications or incapacity *under* article 196, occurring *after* his induction into office.

The defendant may well be *ineligible* and still be *competent* to discharge the duties of the office which he claims. He may also well be *eligible* and yet be *incompetent*. The words *ineligibility* and *incompetency* are not synonymous or convertible, but are generic terms ; causes of *ineligibility* are not causes of *incompetency*, and *vice versa*, in the sense of the constitution ; for it views them differently, and contains *two* distinct articles providing separately for both.

*Ineligibility* refers to certain disqualifications existing *previous* to

the election. A person elected to the office of district judge may be ineligible for many reasons, either, because not a male, not a citizen, not of lawful age, not a licensed practicing attorney, or because excluded by judgment or impeachment from holding office, or because a defaulter; or an undischarged collector of taxes, or trustee of public money, would be ineligible, and still be very competent to discharge the functions of the office.

*Incompetence* refers generally to other disqualifications, occurring *after* induction into office. Such crimes as nonfeasance, malfeasance, corruption, favoritism, extortion, or oppression, gross official misconduct in the exercise of official powers, and such disqualifications as habitual drunkenness, and inability arising from intellectual or physical infirmity existing before induction, and continuing thereafter, or happening during tenure of office, are causes to remove within the original jurisdiction of this court. A person may be incompetent to fulfill the office of district judge; for instance, a qualified citizen and attorney, learned in the law, not chargeable with any offense under article 171, but afflicted with dumbness, deafness, blindness, general paralysis, surely would be incompetent, and yet may be eligible to the office. Ineligibility and incompetency are not, however, causes exclusive the one of the other. They may exist simultaneously or separately; a person may be both ineligible and incompetent at the same time. When the eligibility or competency of a judicial officer is questioned, the matter must be tested upon proper charges, of either the one or the other, before *different forums*.

Where the law, whether embodied in the constitution, or found in the statute book, or in both, has made a distinction between offenses committed *prior to*, and those committed *after* induction into office, and *while* in office, and has discriminated between causes of *ineligibility* and causes of *incompetency*, it is the duty of the Court to inquire, and determine whether the distinction was made, and, if it exists, to give it force and effect.

We take the rule to be, particularly in questions like that now before us, in which we are called upon to expound the language contained in the paramount law of the State—that the affirmative description of the cases, in which original jurisdiction was conferred on this Court, implies necessarily a negation of its jurisdiction over cases not enumerated.

We have inquired to ascertain whether such distinction and description had been made, and we find that they have. The constitution has left the law as it stood at its adoption, relative to cases of ineligibility to office; but it has delegated to this Court powers for the removal of judicial officers, as comprehensive and effective as those vested in the

Senate, sitting as a court of impeachment for the trial of such officers, upon *proper charges*, and in proper cases.

This suit cannot, under any aspect, be treated as one to *remove* the defendant from office, as its avowed object was to prevent him from entering upon it altogether. Under a final judgment, in favor of the plaintiff, the defendant, if in office, would have to vacate it or subject himself to forcible expulsion from it.

The disqualification of a judicial officer, entrusted with high powers and prerogatives, is a matter which is not to be lightly dealt with and which should command the fullest consideration of courts of justice.

Where the original jurisdiction of this Court is expressly restricted by the organic law to given cases of removal, we are powerless to expand it so as to comprise other cases intentionally omitted, in which the exclusion of officers is to be demanded by proceedings to be instituted before a competent court of inferior jurisdiction.

In 15 Cal. 120, views similar to those expressed in the body of this opinion were entertained in an analogous case.

While we are considering and determining a case instituted *before* the induction into office of a person claiming to have been duly elected district judge, and for a cause existing prior to his election, we think it our duty to say that we are not to be understood as holding that judicial officers, who may have actually entered upon the discharge of official functions though ineligible under article 171, or assailable under article 196, for incompetency, but who have not been proceeded against *before* induction (as the defendant was in this case), cannot, *subsequently* to such induction, upon proper showing, be expelled from such office. They surely could be made to vacate the office. Such result would have to be accomplished, in cases of incompetency, by the authority of this Court, taking original jurisdiction of a suit for that purpose against them, and in cases of ineligibility, would take place by the power of a district court, exercised under an executory judgment.

After a most attentive examination and thorough scrutiny of the articles of the constitution bearing upon the questions before us, we unhesitatingly declare that, as our *original* jurisdiction over cases for the *removal* of judicial officers attaches only where they are charged with *official crimes, official misconduct*, or *habitual vice*, or *personal* or *official disability* or *incompetency*, we are utterly devoid of *such* jurisdiction over, and cannot determine *primarily* suits brought against, parties claiming to have been elected to a judicial office, when such suits, whether instituted before or after induction into office, are based upon causes incorporated in article 171 of the constitution, and charge the *ineligibility* of such parties, and, consequently, that such suits must be

State ex rel. Attorney-General et al. vs. John A. Cheevers.

carried on before the districts courts having jurisdiction of the persons of such parties.

By their constitution, the people of this State, whose delegated powers we exercise, have said to us, as Moses in ancient times spoke to Israel, in solemn behest: "Ye shall *not add* unto the word which we command you; neither shall ye *diminish aught* from it—that ye may keep it."

From such mandate we cannot depart. The judgment of the lower court being erroneous,

It is ordered that said judgment be reversed, and proceeding to render such judgment as should have been rendered, it is adjudged that the exception of the defendant be overruled, and that he answer to the merits, and now, in order to enable the district court to pass upon the issues presented,

It is decreed that this case be remanded to the lower court, to be further proceeded with as the law provides, the defendant and appellee to pay the costs of appeal, and those of the lower court from the filing of the exception.